Jeffrey L. Cutler (CA Bar No. 100639)
email: jcutler@wkclegal.com
Elizabeth Rosenfeld (CA Bar No. 106577)
Email: erosenfeld@wkclegal.com
Marie J. Skinner (CA Bar No. 291532)
Email: mskinner@wkclegal.com
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone: (818) 501-8030 ext. 324;
Facsimile: (818) 501-5306

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SOUTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS HEALTH AND WELFARE TRUST; SOUTHERN CALIFORNIA, ARIZONA, COLORADO, AND SOUTHERN NEVADA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND; SOUTHERN CALIFORNIA GLAZING AND ARCHITECTURAL METAL INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; FINISHING TRADES INSTITUTE OF DISTRICT COUNCIL 36 JOINT APPRENTICESHIP TRAINING TRUST FUND; SOUTHERN CALIFORNIA GLASS AND GLAZING INDUSTRY TRUST FUND; SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND; INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY FINISHING TRADES INSTITUTE; PAINTERS AND ALLIED TRADES LABOR - MANAGEMENT COOPERATION INITIATIVE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES POLITICAL ACTION TOGETHER FUND; | CASE NO.<br><br>COMPLAINT FOR SPECIFIC PERFORMANCE, VIOLATION OF ERISA, BREACH OF CONTRACT, AND TO RECOVER MONEY DUE ON CONTRACTORS STATE LICENSE BOARD BOND<br><br>[29 U.S.C. §§ 185, 1132, 1145] |

| | |
|---|---|
| 1 | and GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 636, |
| 2 | |
| 3 | Plaintiffs, |
| 4 | vs. |
| 5 | PINNACLE INSTALLATIONS, INC., a California corporation; WESCO INSURANCE COMPANY, a Delaware corporation, |
| 6 | |
| 7 | |
| 8 | Defendants. |

Plaintiffs allege as follows:

## JURISDICTION

1. Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, et seq., and by section 301(a) of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a). This court has subject matter jurisdiction over the action under ERISA §502 (e)(1) [29 U.S.C. § 1132(e)] and under 28 U.S.C. §§1131 and §1367(a).

## VENUE

2. Venue is appropriate in the Central District of California in accordance with ERISA Section 502(e), 29 U.S.C.§1132(e), as the place where the contractual obligations alleged herein are to be performed. Venue is properly in this district pursuant to section 301(a) of the LMRA, 29 U.S.C. §185(a), as the district having jurisdiction of the parties.

## PARTIES

3. Plaintiffs Southern California Glaziers, Architectural Metal and Glass Workers Health and Welfare Trust; Southern California, Arizona, Colorado, and Southern Nevada Glaziers, Architectural Metal and Glass Workers Pension Trust Fund; Southern California Glazing and Architectural Metal Industry Labor-Management Cooperation Committee Trust; Finishing Trades Institute of District

Council 36 Joint Apprenticeship Training Trust Fund; and Southern California Glass and Glazing Industry Trust Fund (herein "Local 636 Trust Funds"); and Southern Nevada Glaziers and Fabricators Pension Trust Fund ("SNGF Pension Fund") are employee benefit plans within the meaning of Section 3(3) of ERISA [29 U.S.C. § 1002(3)], multiemployer plans within the meaning of Section 3(37)(A) of ERISA [29 U.S.C. § 1002(37)(A)], and express trusts in compliance with Section 302(c)(5) of the LMRA [29 U.S.C. §186(c)(5)]. The Trustees of the Local 636 Trust Funds and SNGF Pension Fund are the selected governing bodies of their respective jointly administered Labor-Management Trust Funds, and the "named fiduciary," "plan administrator" and "plan sponsor" within the meaning of ERISA. The Local 636 Trust Funds maintain their principal place of business and are administered from an office in this judicial district.

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("IUPAT Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary," within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the IUPAT Pension Fund. The IUPAT Pension Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

5. Plaintiff IUPAT Finishing Trades Institute, formerly known as the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund, IUPAT Joint Apprenticeship Fund and/or JATF, ("FTI"), is a trust fund established under 29 U.S.C. §186(c)(5) and a "multiemployer plan" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), and (3).

6. Plaintiff IUPAT Political Action Together Fund, which includes the Political Action Together - Legislative and Educational Committee and Political Action Together - Political Committee (jointly or severally, "PAT Fund"), is an

unincorporated association or fund established pursuant to 2 U.S.C. §431 *et seq*. by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office. The PAT Fund is also known as and referenced as Political Action in the Labor Agreements relating to this complaint.

7. Plaintiff Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9). The LMCI is also known as and referenced as The Painters and Allied Trades Union Labor-Management Cooperative Fund in the Labor Agreements relating to this complaint.

8. The IUPAT Pension Fund and the FTI are referred to herein as the "National Funds." The PAT Fund and LMCI are jointly or severally referenced herein as "Ancillary Funds." The IUPAT Pension Fund is the authorized collection fiduciary and agent for the Ancillary Funds.

9. Plaintiff GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 636 ("Union") is a labor organization within the meaning of Section 301 of the LMRA [29 U.S.C. § 185(a)], and an employee organization within the meaning of Section 3(4) of ERISA [29 U.S.C. § 1002(4)]. The Local 636 Trust Funds, SNGF Pension Fund, the National Funds, the Ancillary Funds and Union shall be collectively referred to hereinafter as, "Plaintiffs."

10. At all times material herein, Defendant PINNACLE INSTALLATIONS, INC. ("PINNACLE") was and is a California corporation doing business in this judicial district as a glass/glazing contractor under California Contractor's License No. 646084 ("PINNACLE License"), a C17 Glazing license. PINNACLE is and has been, at all material times, an employer in an industry

affecting commerce within the meaning of the LMRA, and an employer obligated to make contributions to a multi-employer plan within the meaning of ERISA.

11. Defendant WESCO INSURANCE COMPANY ("Wesco") is a Delaware corporation acting as a surety in the State of California that issued one or more Bonds to Pinnacle as a condition for Pinnacle's Contractors License, including Contractor's Bond No. 04WB053118, in the amount of $15,000.00, effective January 1, 2016 ("Wesco Bonds").

12. This Complaint is prosecuted pursuant to section 301 of the LMRA, 29 U.S.C. § 185(a), and pursuant to sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

**GENERAL ALLEGATIONS**

13. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 12, as if fully set forth herein.

14. On or about June 29, 2017, PINNACLE executed a Participation Agreement with the Union whereby PINNACLE bound itself to the terms and conditions of the Master Labor Agreement between Glass and Glazing Contractors and District Council of Painters No. 36 on behalf of Glaziers, Architectural Metal and Glass Workers Local Union No. 636, its extension agreements and any amendments thereto ("MLA"), for covered work performed by PINNACLE on the WeWork construction project ("Project"). A true and correct copy of the Participation Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

15. The MLA establishes the terms and conditions of employment for all employees of PINNACLE who are or were performing work covered under its terms. A true and correct copy of the relevant portion of the MLA is attached hereto as Exhibit 2 and incorporated herein by reference.

16. The MLA incorporates the Declarations of Trust and Trust Agreements of the Local 636 Trust Funds, SNGF Pension Fund, the National Funds and the Ancillary Funds ("Trust Agreements") and any amendments thereto and modifications thereof, including the collection policies and procedures implemented by the Trustees of each of the respective trust funds. True and correct copies of the relevant portions of the Trust Agreements are attached hereto, collectively marked as Exhibit 3, and incorporated herein by reference.

17. The MLA and Trust Agreements require PINNACLE to promptly report and make contributions to Plaintiffs for each hour of covered work at the rates specified in the MLA; to produce, upon request by Plaintiffs, all books and records deemed necessary to conduct an audit of PINNACLE's records concerning its obligations to Plaintiffs, and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements; and to pay liquidated damages, interest, audit costs and all costs of litigation, including attorneys' fees, expended by Plaintiffs to collect any amount due as a consequence of PINNACLE's failure to comply with its contractual and statutory obligations.

18. At all times material herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to Plaintiffs as a result of PINNACLE's nonpayment of contributions. The amounts agreed upon in the Trust Agreements, as and for liquidated damages, have represented and now represent a reasonable endeavor by Plaintiffs' respective Trustees to ascertain and compensate for the damages caused to Plaintiffs by the nonpayment of contributions and/or failure of an Employer to timely submit contributions to Plaintiffs. The Trust Agreements and 29 U.S.C.§1132(g)(2)(ii) set the amount assessed as and for liquidated damages, and not as a penalty, at twenty percent (20%) of the delinquent contributions.

/ / /


# FIRST CLAIM FOR RELIEF

**(Specific Performance)**

(By All Plaintiffs Against

Defendant PINNACLE INSTALLATIONS, INC.)

19. Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 18, as if fully set forth herein.

20. The MLA and Trust Agreements provide that the Trustees of the Local 636 Trust Funds, SNGF Pension Fund, the National Funds and the Ancillary Funds may undertake reasonable inquiry, including audit, of an Employer's records insofar as may be necessary or appropriate to verify an Employer's compliance with its obligations. The Trust Agreements provide that the Trustees may audit or cause the audit or inspection of the records of any employer in order to verify employer compliance and determine contributions and other amounts owed. The Trustees have determined that the following records must be made available for inspection, and are necessary for Plaintiffs to determine whether all contributions have been properly reported and paid in accordance with the MLA and Trust Agreements: non-redacted Certified Payroll Records; payroll with hours for the WeWork Job and all projects with union labor; a list of union projects performed and/or reported; job cost detail for each project; time cards for such respective projects; and any books, records, documents necessary to determine whether full payment of all sums required have been made to Plaintiffs.

21. In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs require that PINNACLE submit records for an audit from the period of July 1, 2017 through May 31, 2020, in order to ascertain hours worked and contributions owed for covered work performed pursuant to the terms of the MLA.

22. Without access to all of the requested records, Plaintiffs are unable to determine the hours of covered work performed by bargaining unit employees, the

contributions owed on their behalf, or whether benefits have been properly paid to PINNACLE's employees, which may subject Plaintiffs and the Boards of Trustees to penalties, suits and damages for failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

23. In accordance with the provisions of the Trust Agreements and the exercise of their fiduciary duties required by federal statutory and common law, Plaintiffs demanded that PINNACLE submit the foregoing records for auditing in order to ascertain if PINNACLE has properly reported and paid contributions in accordance with the MLA and Trust Agreements. PINNACLE has failed and refused to comply with the Plaintiffs' audit demands.

24. The Trust Agreements further provide that if an Employer fails to make records available for an audit or inspection and the Local 636 Trust Funds, SNGF Pension Fund, the National Funds and the Ancillary Funds file a lawsuit to compel the production of documents, the Employer will be liable for enforcement expenses including "attorney's fees and costs, accountant's and auditor's fees, cost of attachment and execution, bond and receivers."

25. As a result of PINNACLE's failure to provide access to its records for audit either electronically or through delivery of the requested records to Plaintiffs' auditors, it has been necessary for Plaintiffs to retain the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld and Plaintiffs have incurred costs.

26. In accordance with the terms of the MLA and the Trust Agreements and pursuant to Sections 502(g)(E) and 515 of ERISA [29 U.S.C. §§1132(g)(2)(E) and 1145], Plaintiffs are entitled to and hereby demand that PINNACLE make its records available for audit for the period of July 1, 2017 through May 31, 2020.

///

## SECOND CLAIM FOR RELIEF
### (Violation of ERISA)

(By Plaintiffs Local 636 Trust Funds, SNGF Pension Fund, and the National Funds Against Defendant PINNACLE INSTALLATIONS, INC.)

27. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 26, as though fully set forth herein.

28. By failing to permit an audit of all requested records by the Local 636 Trust Funds, SNGF Pension Fund, and the National Funds in accordance with the provisions of the MLA and the Trust Agreements, PINNACLE has violated ERISA §515, 29 U.S.C. §1145.

29. Without access to the compensation records as demanded, Plaintiffs are unable to determine whether PINNACLE has accurately reported and paid contributions to the Local 636 Trust Funds, SNGF Pension Fund, and the National Funds in accordance with the MLA and the Trust Agreements since reporting is based solely on an Employer's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct. Without access to PINNACLE's records, Plaintiffs will be unable to determine whether benefits have been properly paid which may subject the Plaintiffs to penalties, suits and damages for the failure to perform their duties, the gross sum of which is incalculable, speculative, and may lead to irreparable damage.

30. In accordance with the terms of the MLA and the Trust Agreements and pursuant to ERISA §§502(g)(2)(E) and 515, 29 U.S.C. §§1132(g)(2)(E) and 1145, and ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to and hereby demand as appropriate equitable relief that the Court issue an order requiring PINNACLE to make records of PINNACLE available electronically for audit or by delivery to the Local 636 Trust Funds, SNGF Pension Fund, and the National Funds' auditors for the period of July 1, 2017 through May 31, 2020.

31. By failing to accurately report and pay contributions to Plaintiffs in accordance with the provisions of the MLA and the Trust Agreements, PINNACLE has violated ERISA §515, 29 U.S.C. §1145. In accordance with the terms of the

Agreements and the Trust Agreements, and pursuant to ERISA §§ 502(g)(2) and 515, 29 U.S.C. §§1132(g)(2) and 1145, Plaintiffs Local 636 Trust Funds, SNGF Pension Fund, and the National Funds are entitled to and hereby demand, in addition to the payment of all contributions owed to Plaintiffs by PINNACLE, an award of liquidated damages, interest, and reasonable attorneys' fees and all costs incurred, including audit costs, for the period of July 1, 2017 to date.

## THIRD CLAIM FOR RELIEF

### (Breach of Contract)

(By Plaintiff SNGF Pension Fund Against Defendant PINNACLE INSTALLATIONS, INC.)

32. Plaintiff SNGF Pension Fund hereby realleges each and every allegation contained in paragraphs 1 through 31, as if fully set forth herein.

33. PINNACLE submitted employer reports to Plaintiff SNGF Pension Fund without payments for the months of July 2017 through October 2019 and January 2020 through May 2020, which disclosed that PINNACLE breached the MLA and Trust Agreements by failing to properly report hours and pay contributions to Plaintiff SNGF Pension Fund on behalf of the employees listed on the reports as having performed covered work during this period. Based on these employer reports, the following amounts are due and owing by PINNACLE:

    A.    <u>To Plaintiff SNGF Pension Fund:</u>

| | |
|---|---|
| Contributions | $ 88,012.09 |
| Liquidated Damages | $ 9,501.69 |
| Interest (through 7/29/20) | $ 24,641.27 |

34. Despite demand, and in breach of the MLA and Trust Agreements, PINNACLE has refused to pay the amounts due as disclosed by the employer reports. As a result of PINNACLE's breach of the MLA and Trust Agreements, Plaintiff SNGF Pension Fund has been damaged in an amount equal to the amount of contributions determined to be due, and in addition to contributions, attorneys'

fees, liquidated damages, interest and costs, including audit costs, incurred in enforcing the terms of the MLA and Trust Agreements.

35. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the MLA and Trust Agreements.

## **FOURTH CLAIM FOR RELIEF**

**(Claim for Relief on Contractor's State License Board Bond)**

(By Plaintiff SNGF Pension Fund Against

Defendant WESCO INSURANCE COMPANY)

36. Plaintiff SNGF Pension Fund hereby realleges each and every allegation contained in paragraphs 1 through 35, as if fully set forth herein.

37. Wesco issued the Wesco Bonds as a condition for PINNACLE to obtain and/or to maintain its California Contractors License.

38. Plaintiffs and PINNACLE's employees who provided labor as described herein are intended third-party beneficiaries under the Wesco Bonds.

39. The delinquencies asserted herein owed by Pinnacle to Plaintiff SNGF Pension Fund are properly payable out of the proceeds of the Wesco Bonds pursuant to Cal. Bus. & Prof. Code §§ 7071.5(e) & 7071.10(e).

40. The proceeds of the Wesco Bonds must be paid to Plaintiff SNGF Pension Fund in full or partial satisfaction of PINNACLE's obligations owed to its employees and the Plaintiffs or as damages caused by PINNACLE's failure to properly act in accordance with the MLA and/or applicable law, subject only to the penal limit on the Wesco Bonds and/or the statutory limits on payment of fringe benefit contributions from the Wesco Bonds.

WHEREFORE Plaintiffs pray for judgment as follows against Defendants PINNACLE INSTALLATIONS, INC., a California corporation, and WESCO INSURANCE COMPANY, a Delaware corporation:

**ON THE FIRST AND SECOND CLAIMS FOR RELIEF BY ALL PLAINTIFFS AS TO DEFENDANT PINNACLE INSTALLATIONS, INC.**

1. For an Order compelling audit whereby PINNACLE shall be directed by the Court within a specified time after entry to:

    A. Make electronic copies available of non-redacted Certified Payroll Records; payroll with hours for the WeWork Job and all projects with union labor; a list of union projects performed and/or reported; job cost detail for each project; time cards for such respective projects; and any books, records, documents the Plaintiffs require to examine for the audit period commencing July 1, 2017 through May 31, 2020, or in the alternative deliver such records to the Plaintiffs' auditor's offices in Los Angeles, California.

    B. Afford to the Plaintiffs both ample time and opportunity to examine all of PINNACLE's materials specified above, without harassment, at the Plaintiffs' auditor's office in Los Angeles, California.

2. That in the event PINNACLE cannot produce all of the records which the Plaintiffs are required to examine, the Court enter an Order Compelling Reconstruction where PINNACLE shall be directed by the Court within a specified time after the entry thereof, to:

    A. Apply to the Federal and State agencies with which PINNACLE previously filed periodic reports pertaining to employees for copies of PINNACLE's reports to them for all of the periods for which PINNACLE cannot produce records; and

    B. Subsequently make available to the Plaintiffs all such copies of PINNACLE's periodic reports to the Federal and State agencies under the conditions set forth in 1(B) above.

3. For payment of any unpaid contributions disclosed by audit and for liquidated damages and interest assessed on all unpaid contributions in accordance with the Trust Agreements and ERISA for the period of July 1, 2017 through May 31, 2020, from the dates the contributions were due until paid in full.

**ON THE THIRD CLAIM FOR RELIEF BY PLAINTIFF SOUTHERN NEVADA GLAZIERS & FABRICATORS PENSION TRUST FUND AS TO DEFENDANT PINNACLE INSTALLATIONS, INC.**

4. For unpaid contributions owed to Plaintiff SNGF Pension Trust for the months of July 2017 through October 2019 and January 2020 through May 2020 in the total amount of $88,012.09;

5. For liquidated damages in the total amount of $9,501.69 assessed on all unpaid and late paid contributions to Plaintiff SNGF Pension Trust as alleged herein;

6. For prejudgment interest in the amount of $24,641.27 on unpaid contributions owed to Plaintiff SNGF Pension Trust, assessed through July 29, 2020;

**ON THE FOURTH CLAIM FOR RELIEF BY PLAINTIFF SOUTHERN NEVADA GLAZIERS & FABRICATORS PENSION TRUST FUND AS TO DEFENDANT WESCO INSURANCE COMPANY**

7. For the proceeds of the Wesco Bonds in full or partial satisfaction of unpaid contributions for the months of July 2017 through October 2019 and January 2020 through May 2020 in the total amount of $88,012.09, liquidated damages in the total amount of $9,501.69 assessed on all unpaid and late paid contributions, and prejudgment interest in the amount of $24,641.27 assessed through July 29, 2020, as owed to Plaintiff SNGF Pension Trust.

**ON ALL CLAIMS FOR RELIEF**

8. For audit fees;

9. For attorneys' fees incurred as a result of Defendant's breaches alleged herein;

10. For costs of suit;

11. For such other relief as the court deems appropriate, and for such other legal or equitable relief required by Section 502(g)(2)(E) ERISA, 29 U.S.C. §1132(g)(2)(E).

DATED: August 7, 2020

**WOHLNER KAPLON CUTLER HALFORD & ROSENFELD**

BY: */s/ Marie J. Skinner*
Attorneys for Plaintiffs SOUTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS HEALTH AND WELFARE TRUST; SOUTHERN CALIFORNIA, ARIZONA, COLORADO, AND SOUTHERN NEVADA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND; SOUTHERN CALIFORNIA GLAZING AND ARCHITECTURAL METAL INDUSTRY LABOR-MANAGEMENT COOPERATION COMMITTEE TRUST; FINISHING TRADES INSTITUTE OF DISTRICT COUNCIL 36 JOINT APPRENTICESHIP TRAINING TRUST FUND; SOUTHERN CALIFORNIA GLASS AND GLAZING INDUSTRY TRUST FUND; SOUTHERN NEVADA GLAZIERS AND FABRICATORS PENSION TRUST FUND; INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY FINISHING TRADES INSTITUTE; PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES POLITICAL ACTION TOGETHER FUND; and GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 636